FILED
SUPERIOR COURT
OF GUAM

2014 JUL 22 AM 9: 28

CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT
# OF GUAM

| | |
|---|---|
| JMI-EDISON, | Civil Case no. CV1520-13 |
| Plaintiff, | |
| vs. | |
| OFFICE OF PUBLIC ACOUNTABILITY, | **DECISION AND ORDER** |
| MEDPHARM, GUAM MEMORIAL | |
| HOSPITAL AUTHORITY and | |
| GOVERNMENT OF GUAM, | |
| Defendants. | |

## INTRODUCTION

Pursuant to Rule 7.1 of the Local Rules of the Superior Court of Guam, Defendant Office of Public Accountability's Motion to Dismiss [Rule 12(b)(6)], was placed under advisement by the Honorable Judge Michael J. Bordallo on May 21, 2014. Attorney Peter C. Perez represents Defendant Office of Public Accountability (hereafter OPA). Attorney Joshua D. Walsh represents Plaintiff. Having considered the Parties' arguments and the applicable law, the Court, for the reasons set forth below, denies Defendant's Motion to Dismiss.

## BACKGROUND

I.

On February 10, 2014, Plaintiff filed suit against OPA appealing a November 27, 2013 OPA decision that purports to ratify and affirm the contract in GMHA IFB # 020-2012 between the Guam Memorial Hospital Authority (hereafter GMHA) and MedPharm. Compl. at ¶ 1.

Plaintiff contends that this contract is void as a matter of law. *Id.* at ¶ 26. Plaintiff's first claim for relief is declaratory relief. *Id.* at ¶¶ 52-56. Plaintiff requests that the Court set aside OPA's declaration to ratify the contract between GMHA and MedPharm arguing that it is improper and in violation of the law. *Id.* at ¶ 56.

Plaintiff's second claim for relief is injunctive relief. *Id.* at ¶¶ 57-59. Plaintiff asserts that GMHA and MedPharm are performing the contract in question. *Id.* at ¶ 58. Plaintiff seeks a preliminary and permanent injunction mandating that GMHA and MedPharm comply with Guam law and cease performance of the GMHA IFB #020-2012. *Id.* at ¶ 59.

II.

On April 11, 2014, Defendant OPA filed a Motion to Dismiss under Rule 12(b)(6) of the Guam Rules of Civil Procedure. Mot. at 8. Defendant asserts that Plaintiff failed to name the Guam Public Auditor in its complaint and argues that it therefore has failed to assert an actionable claim. *Id.* Defendant argues that, statutorily, it does not have jurisdiction over procurement appeals, but rather the Public Auditor. *Id.*

Defendant cites Guam statutes regarding the duties of the Public Auditor. *Id.* at 5-7. The Guam Code states that "[a] decision by an Agency may be appealed by the protestant, to the Public Auditor within fifteen (15) days after receipt by the protestant of the notice of decision." 5 GCA § 5425(e) (2005). The Guam Code further states that "[a] decision of the Public Auditor is final unless a person adversely affected by the decision commences an action in the Superior Court." *Id.* at § 5425(f) (2005). In addition, Defendant cites that "[a]gency decisions regarding contract controversies are appealable to the Public Auditor." *Id.* at § 5427(e) (2005). Furthermore, the Code states that one "may appeal from a decision of the Public Auditor to the Superior Court of Guam." *Id.* at § 5707 (2005).

Defendant contends that the Complaint fails to state a claim against the OPA for which relief can be granted. Mot. at 8. Defendant states that:

> [t]he Public Auditor has jurisdiction over procurement appeals, including specifically the procurement appeal at issue in this case. The Public Auditor heard and determined the appeal and issued a Decision. The Public Auditor's Decision is subject to appeal to the Superior Court.

*Id.* at 8-9. Defendant OPA reasons that since Guam statutes name the Public Auditor as the entity with jurisdiction over procurement appeals and since the OPA is not the Public Auditor, the Court cannot grant Plaintiff the relief it seeks. *Id.* Therefore, Defendant concludes that this suit is ripe for dismissal pursuant to Rule 12(b)(6). *Id.*

On May 15, 2014, Plaintiff JMI-Edison filed its Opposition to the OPA's Motion to Dismiss. Plaintiff argues that the Defendant is creating a distinction between the OPA and the Public Auditor that has not been previously recognized by the OPA itself or the Guam courts. Opp. at 3. In support of this argument, Plaintiff cites *Data Mgmt. Res., LLC v. Office of Pub. Accountability*, as a recent Guam Supreme Court case in which the OPA appeared to litigate as a party for a decision of the Public Auditor. Opp. at 3-4.

Plaintiff further asserts that the OPA and Public Auditor hold themselves out to the public as being one in the same. Opp. at 5-6. Plaintiff cites to the caption heading of a procurement decision in which both the Public Auditor and the OPA are on the lead line. *Id.* Plaintiff also refers to the OPA's website which states that the OPA was given the responsibility of procurement appeals. *Id.* at 6. Pointing to the OPA's website, Plaintiff cites to the 2009 approval of the Public Auditor to change the name of the office to the Guam Office of Public Accountability and argues that the distinction was artificially created and is without merit. *Id.*

Finally, Plaintiff JMI-Edison requests that, if the Court views the OPA and the Public

Auditor as distinct, it be allowed to amend its complaint appropriately. *Id.* at 6-7. Plaintiff argues that the amendment would not stem from undue delay, bad faith, or dilatory conduct on the part of the Plaintiff. *Id.* In addition, Plaintiff argues that no undue prejudice would impact the Defendant by allowing it to amend the complaint. *Id.*

Defendant did not file a paper in reply.

## DISCUSSION

Rule 12(b)(6) provides that:

> every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted.

Guam R.Civ. P. 12(b)(6) (2008). Under Rule 12(b)(6), the facts in the complaint are presumed to be true, and the complaint is liberally construed in favor of the Plaintiff. *First Hawaiian Bank v. Manley,* 2007 Guam 2, ¶ 9. Generally, a motion to dismiss under Rule 12(b)(6) should be disfavored and doubts should be resolved in favor of the pleader, unless no set of facts could support the claims as plead. *Id.* A Rule 12 (b)(6) motion tests only whether the claim has been adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc.,* 748 F.2d 774, 779 (2d Cir. 1984). Thus, in a motion under Rule 12(b)(6), the court's inquiry is limited to the content of the complaint and the court should not dismiss the complaint merely because it doubts the Plaintiff will prevail in the action, or that the possibility of ultimate recovery is remote. *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S.Ct. 1827 (1989). Should the complaint fail to state a claim under Rule 12(b)(6), as with a Rule 12(b)(1) motion, dismissal without leave

to amend is improper unless it is clear that the complaint could not be saved by any amendment. *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999).

It is under this standard that the Court will review Defendant's motion. *Id.* The Court is not persuaded that sufficient evidence has been shown justifying a legal distinction between OPA and the Guam Public Auditor through case law or statute. *See Data Mgmt. Res., LLC*, 2013 Guam 27; *Town House Dep't Stores, Inc.*, 2012 Guam 25 ¶ 21 (interpreting statutes regarding procurement appeals without differentiating the Public Auditor and the OPA).

When interpreting a statute, a court must begin with the plain language of the statute. *Castro v. G.C. Corp.*, 2012 Guam 6 ¶ 20. The statute must be applied according to its plain language meaning unless there is an interpretation contrary to the plain language. *Id.* Courts involved in statutory interpretation must adhere to the plain language of a statute unless "literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982). In addition, "the plain-meaning rule is rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists." *Bank of Guam v. Guam Banking Bd.*, 2003 Guam 9 ¶ 19 (quoting *Watt v. Alaska*, 451 U.S. 259, 266 (1981)).

Consequently, the Court need not heed the plain language of a statute if its application will result in an absurd or unworkable outcome. *Castino v. G.C. Corp.*, 2010 Guam 3. In lieu of the plain language meaning, Guam Courts have implemented a "fair and reasonable" interpretation to be used when the plain language meaning of a statute is absurd or unworkable. *Id.*

An example of the many statutes that Defendant relies on for its argument is 5 GCA § 5707(a). 5 GCA § 5707(a) (2005). It states:

> [a]ny person receiving an adverse decision, the government or any autonomous agency or public corporation, or both, may appeal from a decision by the Public

Auditor to the Superior Court of Guam as provided in Article D of Chapter 9 of this Chapter.

*Id.* This statute was enacted prior to the Guam Public Auditor's decision to change the name of her office. Opp. at 6. Accordingly, its plain language meaning yields an unworkable outcome that only the Public Auditor has jurisdiction over procurement appeals. The distinction between the Public Auditor and the OPA, which Defendant asserts in its motion, has not been recognized by Guam's courts. *See Data Mgmt. Res., LLC*, 2013 Guam 27; *Town House Dep't Stores, Inc.*, 2012 Guam 25 ¶ 21 (interpreting statutes regarding procurement appeals without differentiating the Public Auditor and the OPA).

Absent the Guam Supreme Court instructing the Court to act otherwise, it must give deference to the precedent created by the Supreme Court of Guam, which has yet to recognize the validity of the separate entities. *Id.*

Accordingly, the Court denies Defendant OPA's Motion to Dismiss. Alternatively, based upon the request of the Plaintiff and the facts and circumstances described above the Court finds sufficient cause exists to allow for an amendment to Plaintiff's pleading. Guam R. Civ. P. R. 15.

//

//

## CONCLUSION

Based on the foregoing, the Defendant OPA's Motion to Dismiss is DENIED.

SO ORDERED, this ___ day of _____ 2014.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam